IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| NANCY T. KESELYAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-04101-MDH |
| ) | |
| THE CURATORS AT THE UNIVERSITY OF ) | |
| MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is pro se Plaintiff's Motion for Default Judgment (Doc. 8). Upon review and consideration, Plaintiff's motion is hereby **DENIED**.

The record reflects that on April 5, 2016, Plaintiff sent a "Notice and Acknowledgement for Service by Mail" form to Defendant along with a copy of the complaint, summons, and MAP inclusion notification. On April 26, 2016, Defendant's attorney entered an appearance in the case and filed a waiver of service of summons form, which acknowledged that Plaintiff requested waiver of service of summons, admitted receipt of the complaint, and acknowledged that Defendant's answer or other responsive pleading was due within 60 days of April 5, 2016. On the same day, Defendant's attorney sent a letter to Plaintiff that stated:

> The University objects to your attempt at service by mail because you did not comply with Missouri Supreme Court Rule 54.16 and, furthermore, the University is not subject to service by mail under Rule 54.16. However, the University will voluntarily waive service of summons under Federal Rule of Civil Procedure 4. A completed Waiver of Service of Summons was filed today with the Court, and a copy has been enclosed with this letter for your reference.

Plaintiff states that she never received the above letter. On May 11, 2016, Defendant received a letter from Plaintiff indicating she had not received a copy of Defendant's waiver or other court

1

filings and Defendant sent a second copy of its waiver to Plaintiff on May 13, 2016 via certified mail. On May 19, 2016, Plaintiff filed the present motion for default judgment arguing that default judgment is proper because Plaintiff did not request a waiver of service from Defendant and because Defendant defaulted through its "failure to answer Keselyak's lawsuit within the required 21 days after accepting service of the summons."

The Court finds Plaintiff is not entitled to default judgment because Plaintiff never properly served Defendant such that the 21-day time limit began running. Federal Rule of Civil Procedure 4 allows service upon "[a] state, a municipal corporation, or any other state-created governmental organization" by either:

**(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
**(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such defendant.

Fed. R. Civ. P. 4(j)(2). Missouri law allows for service upon "a public, municipal, governmental or quasi-public corporation or body" by "delivering a copy of the summons and petition to the . . . chief executive officer in the case of any public, municipal, governmental or quasi-public corporation or body or to any person otherwise lawfully so designated." Mo. Sup. Ct. Rule 54.13(b)(4). "It is well-established that 'delivering' is a term of art which requires personal service upon the particular individuals designated to accept service, and that service by mail, even certified mail, does not constitute delivery." *Rice v. Univ. of N. Dakota Sch. of Med. & Health Scis.*, No. CIV. 2:07-CV-11, 2008 WL 5145482, at *2 (D.N.D. Dec. 8, 2008) (citing *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000)).

The only attempted service of summons by Plaintiff in this case was the "Notice of Acknowledgement for Service by Mail" form that Plaintiff mailed to Defendant on April 5, 2016 along with a copy of the summons and complaint. Although such service may be proper under

2

Missouri law if the defendant were an individual, conservator, corporation, partnership, or other unincorporated association, such service is not proper for the defendant in this case which is a public or quasi-public corporation or body.  *See* Mo. Sup. Ct. Rule 54.16.  Because Defendant was never properly served, the 21-day time limitation for Defendant to file its answer or other responsive pleading never began running and, therefore, Defendant is not in default.

Although not argued by Plaintiff, to the extent Defendant's entry of appearance waived service, and to the extent Defendant's answer would have been due 21 days after Defendant's attorney entered a notice of appearance rather than 60 days after Plaintiff sent her request for acknowledgement of service by mail – which Defendant construed as a request for waiver of service – the Court would be willing, in the interests of justice, to grant an extension of time or allow Defendant to file its answer out of time, seeing as Defendant agreed to waive service as a courtesy to pro se Plaintiff.

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. 8) is hereby **DENIED**.  Plaintiff's suggestions in opposition to Defendant's motion to dismiss remain due on or before June 20, 2016 unless otherwise ordered by the Court.


**IT IS SO ORDERED:**
Date: June 9, 2016                                                  */s/ Douglas Harpool*
                                                                   **DOUGLAS HARPOOL**
                                                                   **UNITED STATES DISTRICT JUDGE**